**Opinion issued June 16, 2015**



In The

# Court of Appeals

For The

# First District of Texas

——————————

## NO. 01-12-01175-CR

——————————

**MARK STEVEN RASCOE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the County Criminal Court at Law No. 10**
**Harris County, Texas**
**Trial Court Case No. 1834994**

---

## MEMORANDUM OPINION

After the trial court denied his motion to suppress evidence, appellant, Mark

Steven Rascoe, pleaded no contest to the misdemeanor offense of driving while

intoxicated.[1] The trial court assessed his punishment at 180 days in jail, suspended the sentence, and placed him on community supervision for one year. In his sole issue, appellant contends that the trial court erred in denying his motion to suppress.

We affirm.

## Background

At the hearing on appellant's motion, Houston Police Department ("HPD") Officer R.A. Cibulski testified that on the afternoon of June 21, 2012, he parked his "slick top" patrol car on the shoulder lane of the Gulf Freeway and watched for speeding cars. Although it did not have emergency lights on its roof, the patrol car had emergency lights inside its cabin, facing out of the front and rear windshields, and on its front bumper. After stopping a white Sports Utility Vehicle ("SUV"), Cibulski, with the emergency lights of his patrol car still activated, attempted to give a speeding citation to the SUV's driver. However, he heard "a car coming fast" and noted that the car was traveling in the adjacent lane at a "high rate of speed." Once the car had passed him, the driver, appellant, "punch[ed] it and scoot[ed] over in front of another vehicle." Cibulski then stopped writing the citation for the SUV's driver, ran back to his patrol car, and pursued appellant.

---

[1] *See* TEX. PENAL CODE ANN. § 49.04(a) (Vernon Supp. 2014).

2

Officer Cibulski saw appellant's car "[s]peeding, fail[ing] to vacate the lane adjacent to an emergency vehicle or fail[ing] to slow down 20 miles below the posted speed limit[,] . . . fail[ing] to signal intent to change lanes[,] . . . . driving [recklessly], weaving in and out of traffic, tailgating and cutting people off." Cibulski explained that his driving during the pursuit mirrored that of appellant because, "at this time I'm thinking, he's not slowing down. If he exited the freeway and I was stuck over in the left lane, I would overshoot him. So, I tried to mirror his maneuvers." He caught up to appellant and saw him exit the freeway "at the last minute at a high rate of speed." Although there was a vehicle exiting in front of appellant, appellant drove up to the vehicle "at a high rate of speed[,] hitting his brakes, tailgating. All of that was done without using a turn signal." Although he could not ascertain the speed of appellant's car by radar, Cibulski estimated that appellant drove at a "high rate of speed" and, during the chase, Cibulski's patrol car reached speeds in excess of 100 miles per hour.

The trial court admitted into evidence State's Exhibit One, a videotape recording made from the front and rear views of Officer Cibulski's patrol car. The recording shows appellant's car passing Cibulski and Cibulski's subsequent pursuit of appellant.

During cross-examination, Officer Cibulski admitted that the videotape recording only shows appellant's car exiting the freeway and only one instance in

which appellant changed lanes, i.e., at the time he exited the freeway. Cibulski also conceded that he could only estimate appellant's speed.

## Standard of Review

We review a trial court's denial of a motion to suppress evidence under a bifurcated standard of review. *Turrubiate v. State*, 399 S.W.3d 147, 150 (Tex. Crim. App. 2013). We review the trial court's factual findings for an abuse of discretion and the trial court's application of the law to the facts de novo. *Id*. Almost total deference should be given to a trial court's implied findings, especially those based on an evaluation of witness credibility or demeanor. *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010). The trial court is the sole and exclusive trier of fact and judge of a witness's credibility, and it may choose to believe or disbelieve all or any part of the witness's testimony. *Maxwell v. State*, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002); *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000). Therefore, we give almost total deference to the trial court's rulings on questions of historical fact and application-of-law-to-fact that turn on an evaluation of credibility and demeanor. *Montanez v. State*, 195 S.W.3d 101, 108–09 (Tex. Crim. App. 2006); *Johnson v. State*, 68 S.W.3d 644, 652–53 (Tex. Crim. App. 2002). When a trial court's rulings do not turn on the credibility and demeanor of the witnesses, we review de novo the trial court's

rulings on mixed questions of law and fact. *Estrada v. State*, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); *Johnson*, 68 S.W.3d at 652–53.

When, as here, the trial court makes no findings of fact and conclusions of law, and none are requested, we review the evidence in the light most favorable to the trial court's ruling and assume that the trial court made implicit findings of fact that support its ruling, so long as those findings are supported by the record. *Wiede v. State*, 214 S.W.3d 17, 25 (Tex. Crim. App. 2007). We then review the trial court's legal ruling de novo, unless its explicit fact findings that are supported by the record are also dispositive of the legal ruling. *Id.*

## Motion to Suppress

In his sole issue, appellant argues that the trial court erred in denying his motion to suppress evidence because Officer Cibulski did not have specific articulable facts to stop and detain him for the offense of passing an emergency vehicle without vacating the lane closest to the emergency vehicle or slowing to a speed at least 20 miles per hour less than the posted speed limit. *See* Act of June 18, 2003, 78th Leg., R.S., ch. 327, 2003 Tex. Gen. Laws 1401, 1401 (amended 2013) (current version at TEX. TRANSP. CODE ANN. § 545.157(a)(b)(1)(2) (Vernon

Supp. 2014).[2]  He asserts that "the State failed in its burden to provide specific and articulable facts in support of Officer's Cibulski's visibility."

A traffic stop is reasonable if the law enforcement officer was justified in making the stop and his actions during the stop were confined in length and scope to that necessary to fulfill the purpose of the stop.  *Vasquez v. State*, 324 S.W.3d 912, 919 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd) (citing *Kothe v. State*, 152 S.W.3d 54, 63 (Tex. Crim. App. 2004)).  A traffic stop is justified if the law enforcement officer has a reasonable basis for suspecting that a person has committed a traffic violation.  *Id*. (citing *Garcia v. State*, 827 S.W.2d 937, 944 (Tex. Crim. App. 1992)). "Reasonable suspicion" exists if a law enforcement officer "has specific, articulable facts that, combined with rational inferences from those facts, would lead him reasonably to conclude that the person detained is, has been, or soon will be engaged in criminal activity."  *State v. Elias*, 339 S.W.3d 667, 674 (Tex. Crim. App. 2011).  The reasonable suspicion standard is wholly objective; the subjective intent of the officer conducting the investigation is irrelevant. *Id*.

Here, Officer Cibulski saw appellant commit several traffic violations. Specifically, Cibulski testified that appellant passed his patrol car, which had its emergency lights activated, without vacating the lane closest to the patrol car or

---

[2]  We cite to the pre-amended version of the statute because appellant's offense occurred before 2013.

slowing to a speed less than 20 miles per hour than the posted speed limit. He also saw appellant weave in and out of traffic, drive over the speed limit, drive recklessly, and change lanes several times without using a turn signal. And the trial court acknowledged, "The officer testified that the defendant was operating his vehicle at a high rate of speed, zigzagging in and out of traffic. Now, that could be an articulable fact. And, I think it is."

It is well-settled that "a traffic violation committed in an officer's presence authorizes an initial stop." *Armitage v. State*, 637 S.W.2d 936, 939 (Tex. Crim. App. 1982). Passing an emergency vehicle without vacating the lane closest to the emergency vehicle or slowing to a speed at least 20 miles per hour lower than the posted speed limit is a traffic violation for which a law enforcement officer may stop and detain a driver. *See Heard v. State*, No. 09–06–462–CR, 2008 WL 659833, at *2 (Tex. App.—Beaumont Mar. 12, 2008, no pet.) (mem. op., not designated for publication) (holding trooper had reasonable suspicion to conclude driver violated section 545.157). Regardless of whether the emergency lights on Officer Cibulski's patrol car were visible to appellant, speeding, changing lanes without using a turn signal, weaving in and out of traffic, and reckless driving are all traffic violations for which a law enforcement officer may stop and detain a driver. TEX. TRANSP. CODE ANN. §§ 545.351 (speeding), 545.104(b) (not using

turn signals), 545.060 (weaving in and out of traffic), 545.401 (driving recklessly) (Vernon 2011).

Although Officer Cibulski conceded that the videotape recording from his patrol car shows appellant's car only when it exited the freeway, Cibulski explained that he could still see appellant's car during the chase and saw appellant committing several traffic violations. The trial court was free to believe Cibulski's testimony in support of its ruling. *See Ross*, 32 S.W.3d at 855. Viewing the evidence in the light most favorable to the trial court's ruling, we conclude that it could have reasonably found that specific articulable facts supported Cibulski's decision to stop and detain appellant.

Without citing any authority, appellant asserts that "[t]he testimony regarding other traffic offenses the officer said he observed after beginning the pursuit are not relevant to the propriety of the stop." Officer Cibulski did initially pursue appellant because he drove past his patrol car at a high rate of speed in the lane adjacent to where Cibulski was standing while issuing a citation to another motorist. However, the subsequent traffic violations that Cibulski saw also provided him with reasonable suspicion to stop and detain appellant. *See Elias*, 339 S.W.3d at 675 (holding facts must otherwise objectively support detention for *some* offense). Accordingly, we hold that the trial court did not err in denying appellant's motion to suppress evidence.

We overrule appellant's sole issue.

## Conclusion

We affirm the judgment of the trial court.

Terry Jennings
Justice

Panel consists of Justices Jennings, Higley, and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).